IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **MICHAEL H. HOLLAND, et al.**, )<br>Plaintiffs )<br> )<br>v. )<br> )<br>**EAST STAR MINING, INC.**, )<br>Defendant )<br> )<br> )<br> ) | Civil Action No.: 1:08cv00029<br><br>**REPORT AND<br>RECOMMENDATION**<br><br>By: PAMELA MEADE SARGENT<br>United States Magistrate Judge |

In this case, the plaintiffs seek to collect delinquent contributions due to three multi-employer trust funds under collective bargaining agreements signed between the United Mine Workers of America, ("UMWA"), a labor union, and the defendant, East Star Mining, Inc., ("East Star"). This case is currently before the court on the Plaintiffs' Motion For Summary Judgment, (Docket Item No. 10), ("Motion"). Jurisdiction is conferred upon this court pursuant to 28 U.S.C. § 1331, 29 U.S.C. § 185, 29 U.S.C. §1132(e) and 26 U.S.C. §9721. The Motion is before the undersigned magistrate judge by referral, pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following Report And Recommendation.

*I. Facts*

The plaintiffs are trustees of one or more of the following: the United Mine Workers of America 1974 Pension Trust, ("1974 Plan"), the United Mine Workers of America Cash Deferred Savings Plan of 1988, ("Savings Plan"), and the United Mine

-1-

Workers of America 1993 Benefit Plan, ("1993 Plan"), (collectively "Funds"). East Star is a signatory to the National Bituminous Coal Wage Agreement of 1998, ("1998 Wage Agreement"), the National Bituminous Coal Wage Agreement of 2002, ("2002 Wage Agreement"), and the National Bituminous Coal Wage Agreement of 2007, ("2007 Wage Agreement") (collectively "Wage Agreements"), and has been engaged in operating coal mines in and around Tazewell County, Virginia, since December 6, 2000. Under the terms of Article XX(d) and Article XXB of the 2007 Wage Agreement, East Star is required to pay to the Funds certain amounts based on each hour worked by its classified employees. The 2007 Wage Agreement further requires East Star to make such payments by the tenth day of each month covering amounts due based on the preceding month's operations. The 2007 Wage Agreement also requires East Star to furnish monthly statements showing the full amounts due and payable based on the hours worked; these monthly statements are called Remittance Advice Forms.

In its Response To Request For Admissions, East Star has admitted that it did not make payments to the Funds as required by the Wage Agreements. (See Plaintiffs' Memorandum In Support Of Motion For Summary Judgment, ("Plaintiffs' Brief"), (Docket Item No. 11), Exhibit C.) The plaintiffs have produced evidence that East Star underpaid its contribution due to the Funds for the period from January 1, 2001, through June 29, 2008, in the amount of $67,283.13. (See Plaintiffs' Brief, Exhibit A.) The plaintiffs also have produced evidence that East Star owed a total of $2,850.20 in interest on its unpaid contributions through December 31, 2008. (See Plaintiffs' Brief, Exhibit A.) The plaintiffs further produced evidence that, since December 31, 2008, interest continues to accrue in an amount of $9.22 per day on East Star's unpaid contributions. (See Plaintiffs' Brief, Exhibit A.) East Star has filed

no evidence disputing the amount of the unpaid contributions or the amount of interest due on the unpaid contributions.

The plaintiffs have produced evidence that each of the plans at issue also contain provisions allowing for the award of liquidated damages, if the plans must sue to recover unpaid contributions. Despite the plaintiffs' assertion to the contrary, the evidence produced does not, however, show that each of the plans at issue contains a provision allowing liquidated damages in an amount equal to the greater of the interest on the unpaid contributions or 20 percent of the unpaid contributions. In fact, the evidence produced by the plaintiffs shows that only the 1993 Plan allows liquidated damages in an amount equal to the greater of the interest on the unpaid contributions or 20 percent of the unpaid contributions. (See Plaintiffs' Brief, Exhibits K and L.) The 1974 Plan and the Savings Plan allow the award of liquidated damages in an amount equal to only the amount of accrued interest. (See Plaintiffs' Brief, Exhibits J, M and N.)

## *II. Analysis*

With regard to a motion for summary judgment, the standard for review is well-settled. The court should grant summary judgment only when the pleadings, responses to discovery and the record reveal that "there is no genuine issue as to any material fact and ... the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see, e.g., Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250 (1986); *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87 (1986). A genuine issue of fact exists "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." *Anderson*, 477 U.S. at 248.

In considering a motion for summary judgment, the court must view the facts and the reasonable inferences to be drawn from the facts in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 255; *Matsushita*, 475 U.S. at 587. Therefore, in reviewing the plaintiffs' Motion in this case, the court must view the facts and inferences in the light most favorable to East Star. In order to be successful on a motion for summary judgment, a moving party "must show that there is an absence of evidence to support the non-moving party's case" or that "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, *Ky.,* 93 F.3d 230, 233 (6th Cir. 1996).

In this case, through its Answer and its Response To Request For Admissions, East Star has admitted that it was a signatory to the Wage Agreements and that it failed to make the contributions to the Funds as required by the Wage Agreements. Furthermore, East Star has offered no evidence to contradict the plaintiffs' evidence as to the amounts it owes to the Funds.

According to the plaintiffs' evidence, East Star underpaid its contributions into the Funds from January 1, 2001, through June 29, 2008, in the amount of $67,283.13. Furthermore, 29 U.S.C. §1132(g)(2) requires the court to award not only unpaid contributions, but also interest on the unpaid contributions, liquidated damages and reasonable attorney's fees and costs. *See* 29 U.S.C.A. § 1132(g)(2) (West 1999). Under 29 U.S.C. § 1132(g)(2), interest to be paid on unpaid contributions shall be determined by the plan. *See* 29 U.S.C.A. § 1132(g). If the plan does not set the interest rate, the interest rate will be the rate set out in 26 U.S.C. § 6621. *See* 29

U.S.C.A. § 1132(g)(2). In this case, the Wage Agreements do not specify the rate of interest to be charged on unpaid contributions; therefore, 26 U.S.C. § 6621 sets out the rate to be applied. Using the rates provided in 26 U.S.C. §6621, the plaintiffs have produced evidence that East Star owes a total of $2,850.20 in interest on its unpaid contributions through December 31, 2008. The plaintiffs further have produced evidence that, since December 31, 2008, interest continues to accrue in the amount of $9.22 per day on East Star's unpaid contributions. East Star has presented no evidence to contradict the plaintiffs' evidence as to the interest rate to be applied or the amount of interest it owes on its unpaid contributions.

Section 1132(g)(2) provides that the court shall, in addition to awarding interest, award the plan an amount equal to the greater of the interest on the unpaid contributions or liquidated damages provided for under the plan in an amount not in excess of 20 percent of the unpaid contributions. *See* 29 U.S.C.A. § 1132(g)(2)(C)(i)-(ii) (West 1999). Here, the plans all contain provisions for liquidated damages. Only the 1993 Plan, however, provides for liquidated damages in an amount equal to the greater of the interest on the unpaid contributions or 20 percent of the unpaid contributions. The other plans allow the award of liquidated damages in an amount equal to only the amount of accrued interest. Thus, while there is no genuine issue of material fact with regard to the award of liquidated damages, the uncontradicted evidence offered by the plaintiffs does not support an award in the amount sought by them.

Instead, it appears that the plaintiffs are entitled to liquidated damages in the amount of $5,696.15. Under the 1993 Plan, the plaintiffs are entitled to liquidated damages in an amount equal to the greater of the interest owed on the unpaid

-5-

contributions or 20 percent of the unpaid contributions. The uncontradicted evidence offered by the plaintiffs shows that East Star owes the 1993 Plan $17,513.64 in unpaid contributions. Twenty percent of that amount is $3,502.73. The plaintiffs' evidence also shows that East Star owes $656.78 in interest on this amount through December 31, 2008. Therefore, the plaintiffs are entitled to the greater of these amounts -- $3,502.73 -- in liquidated damages for the 1993 Plan. In addition to this amount, under the language of the 1974 Plan and the Savings Plan, the plaintiffs are entitled to liquidated damages in an amount equal to the interest owed on the unpaid contributions. According to the plaintiffs' evidence, East Star owes $49,756.13 in unpaid contributions to the 1974 Plan. According to the plaintiffs' evidence, the interest due on this amount through December 31, 2008, is $2,193.05. According to the plaintiffs' evidence, East Star owes $13.36 in unpaid contributions to the Savings Plan and owes $0.37 in interest on this amount through December 31, 2008.

Further, the plaintiffs' evidence shows that interest on the entire amount of unpaid contributions continues to accrue at the rate of $9.22 a day. That being the case, interest on the amounts owed the 1974 Plan and the Savings Plan -- $49,769.49 -- is accruing at a rate of $6.83 a day.[1] Therefore, the amount of liquidated damages to be awarded the plaintiffs would be $3,502.73, plus $2,193.05, plus $0.37, or $5,696.15 plus an additional $6.83 for each day from December 31, 2008, to the date of entry of judgment.

Under 29 U.S.C. § 1132(g), plaintiffs also are entitled to an award of reasonable

---

[1] $49,769.49 is 74 percent of the total owed to the Funds. Therefore, the portion of the daily interest accruing to these amounts is 74 percent of the total daily interest of $9.22, or $6.83 a day.

-6-

attorney's fees and costs. *See* 29 U.S.C.A. § 1132(g)(2)(D) (West 1999). While the plaintiffs' Memorandum In Support Of Motion For Summary Judgment states that plaintiffs have incurred attorney's fees and costs to date of $1,162.40, plaintiffs have filed no evidence with the court from which the court can establish the amount of attorney's fees and costs incurred or whether these attorney's fees are reasonable. Therefore, it appears inappropriate to enter an award of attorney's fees and costs.

## PROPOSED FINDINGS OF FACT
## AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. East Star was a signatory to the Wage Agreements;

2. East Star has failed to make the contributions to the Funds as required by the Wage Agreements;

3. East Star has underpaid its required contributions to the Funds in the amount of $67,283.13;

4. East Star owes a total of $2,850.20 in interest on its unpaid contributions through December 31, 2008;

5. Since December 31, 2008, interest continues to accrue in an amount of $9.22 per day on East Star's unpaid contributions;

6. Under the Plans, the plaintiffs also are entitled to liquidated damages in the amount of $5,696.15 plus $6.83 for each day from December 31, 2008, to the date of entry of judgment; and

7. While 29 U.S.C. § 1132(g)(2)(D) allows the plaintiffs to recover

reasonable attorney's fees and costs, the plaintiffs have produced no evidence of its attorney's fees and costs incurred.

## RECOMMENDED DISPOSITION

Based upon the above-stated reasons, the undersigned recommends that the court grant the Motion and award summary judgment in favor of the plaintiffs in the amount of $67,283.13 in unpaid contributions, $2,850.20 (plus $9.22 per day since December 31, 2008) in interest and liquidated damages in the amount of $5,696.15 (plus $6.83 per day since December 31, 2008).

## **Notice To Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636 (b)(1)(C):

> Within ten days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed finding or recommendation to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence to recommit the matter to the magistrate judge with instructions.

Failure to file written objections to these proposed findings and recommendations within 10 days could waive appellate review. At the conclusion of the 10-day period, the Clerk is directed to transmit the record in the matter to the Honorable Glen M. Williams, Senior United States District Judge.

The clerk is directed to send copies of this Report and Recommendation to all

counsel of record.

       **DATED:** This 25th day of February 2009.

                                    /s/  *Pamela Meade Sargent*
                                        UNITED STATES MAGISTRATE JUDGE